CHRISTOPHER A. CROFTS
United States Attorney
NICHOLAS VASSALLO
C. LEVI MARTIN
Assistant United States Attorneys
Post Office Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
Facsimile: 307-772-2123

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| YOLANDA EVERT, individually and as the Qualified Wrongful Death Representative Of Erwin Evert, deceased, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) No. 11-CV-339-F ) ) ) ) ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

The United States, by and through the United States Attorney for the District of Wyoming and Assistant United States Attorneys Nicholas Vassallo and C. Levi Martin, hereby submits this brief in support of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**Introduction**

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), provides for a limited waiver of sovereign immunity. One of the limitations requires the claim be for "circumstances where

the United States, *if a private person*, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) (emphasis added). In Wyoming, a private landowner generally "owes no duty . . . to give any warning of a dangerous condition . . . to persons entering for recreational purposes." WYO. STAT. ANN. § 34-19-102. Consequently, the United States, as landowners of the Shoshone National Forest, owed no duty to warn Mr. Evert, who was hiking in Shoshone National Forest, and the plaintiff has failed to allege any facts which would make the state statute's immunity provision unavailable to the United States. As such, plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Accordingly, this case should be dismissed.

## Standard of Review

"The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but it does "require[ ] more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007). Further, conclusory allegations are not entitled to a presumption of truth. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1951 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* "[A] plaintiff must 'nudge [ ] [his] claims across the line from conceivable to plausible' in order to survive a motion to

dismiss." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007), quoting *Bell Atl. Corp.,* 550 U.S. at 547.

## Argument

I. <u>The immunity provided by Wyoming's Recreational Use Act ("RUA") is available to the United States.</u>

As stated in the introduction, the United States' liability is limited to those "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *see also Fed. Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 478 (1994) (phrase "law of the place" has been interpreted to mean the law of the State). State law defenses, exceptions to liability, immunity provisions, and limitations on recovery coextensively limit the government's FTCA liability as they would limit a private person's liability under similar circumstances. *See Banks v. United States,* 623 F. Supp. 2d 751, 752 (S.D. Miss. 2009) ("[w]here the FTCA applies, the United States can assert the same defenses available to private citizens").

Thus, when a state law provision is applicable to a private person under some set of circumstances, the provision must always be considered equally applicable to the United States when it is in like circumstances. *See Ewell v. United States,* 776 F.2d 246, 249 (10th Cir. 1985) ("immunities created by state law which are available to private persons will immunize the federal government"); *Flynn v. United States,* 902 F.2d 1524, 1527-30 (10th Cir. 1990) (applying Utah's Good Samaritan Act to immunize United States). Accordingly, Wyoming law providing immunities to private citizens, including Wyoming's RUA, is available to the United States. *See*

3

*Smith v. United States*, 383 F. Supp. 1076 (D.Wyo. 1974) (applying Wyoming's RUA when denying a claim for injuries sustained in Yellowstone National Park).

Wyoming's RUA affords immunity to landowners who allow people to recreate on their premises free of charge. *See* WYO. STAT. ANN. §§ 34-19-101 through 107. "Except as specifically recognized by or provided in W.S. 34-19-105, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on such premises to persons entering for recreational purposes." WYO. STAT. ANN. § 34-19-102. This immunity is further described as follows:

> (a) Except as specifically recognized by or provided in W.S. 34-19-105, an owner of land who either directly or indirectly invites or permits without charge any person to use the land for recreational purposes or a lessee of state lands does not thereby:
>
> (i)   Extend any assurance that the premises are safe for any purpose;
>
> (ii)  Confer upon the person using the land the legal status of an invitee or licensee to whom a duty of care is owed;
>
> (iii) Assume responsibility for or incur liability for any injury to person or property caused by an act of omission of the person using the land.

WYO. STAT. ANN. § 34-19-103.

In this case, plaintiff alleges Mr. Evert was walking on a trail in the Shoshone National Forest when the incident occurred. (Compl. ¶¶ 40 & 51). Accordingly, he was present on the Forest for a "recreational purpose." *See* WYO. STAT. ANN. § 34-19-101(a)(iii) (defining

"recreational purpose" as including, but not limited to, "hiking," "nature study," and "viewing or enjoying historical, archaeological, scenic or scientific sites"). Further, there is no allegation Mr. Evert was "charge[d]" for permission to hike in the Shoshone National Forest. *See* WYO. STAT. ANN. § 34-19-103(a)(i); *see also* WYO. STAT. ANN. § 34-19-101(a)(iv) ("'Charge' means the admission price or fee asked in return for invitation or permission to enter or go upon the land"). Accordingly, the immunity statute applies in this case.

The plaintiff may attempt to rely upon the exception to immunity. Under WYO. STAT. ANN. § 34-19-105(a)(i), immunity is not provided if a plaintiff can demonstrate a *"willful or malicious* failure to guard or warn against a dangerous condition, use, structure, or activity[.]" (Emphasis added). However, under Wyoming law, none of the alleged facts in plaintiff's complaint could possibly amount to a "willful or malicious failure."

II. <u>In Wyoming, "willful or malicious" is defined as an extreme departure from ordinary care</u>.

Wyoming's RUA does not specifically define the terms "willful" or "malicious." However, Wyoming case law is replete with examples of the extremity of conduct which is required to be proven where these terms are an element.

As an initial matter, it is important to remember the purpose for which Wyoming's RUA was created. "It was adopted as '(A)n act to encourage landowners to make land and water areas available to the public by limiting liability in connection therewith.' Ch. 9, Session Laws of Wyo., 1965." *Yalowizer v. Husky Oil Co.*, 629 P.2d 465, 469 (Wyo. 1981); *see also Sabia v Niagara Mohawk Power Corp.*, 930 N.Y.S.2d 160, 163 (N.Y.A.D. 2011) (the identical "willful

or malicious" exception in New York's RUA "must be strictly construed in order that the major policy underlying the legislation itself is not defeated, with all doubts resolved in favor of the general provision rather than the exception . . . . For a party successfully to invoke the exception, there must be "a high-threshold demonstration to show willful intent by the alleged wrongdoer") (citation and internal quotations omitted).

Logically, landowner liability case law is the best source from which to draw the meaning of these terms, and, in that context, the Wyoming Supreme Court has provided the following definition for "willful and wanton:"

> [where] the actor has intentionally done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must have been aware of it and so great as to make it obvious that harm would follow. It is usually accompanied by a conscious indifference to the consequences amounting to a willingness that they shall follow. PROSSER TORTS (4th Ed. 1971), s 34, p. 185. Wilful and wanton conduct is not in the strict sense negligence since it involves intent, not inadvertence.

*Yalowizer*, 629 P.2d at 470, n. 6 (Wyo. 1981). As will be discussed in more detail below, the Plaintiff has alleged absolutely no facts which rise to the level of "a conscious indifference to the consequences amounting to a willingness that they shall follow." *Id.*

In other areas of Wyoming law, the term "willful" has likewise been determined to mean an extreme departure from ordinary care. In *Bryant v. Hornbuckle*, 728 P.2d 1132, 1136 (Wyo. 1986), the Court stated "[i]n order to prove that an actor has engaged in willful misconduct, one must demonstrate that he acted with a state of mind that approaches intent to do harm." A plaintiff must demonstrate the "actor has intentionally committed an act of unreasonable

character in disregard of a known or obvious risk that is so great as to make it highly probable that harm will follow." *Id.* at 1136.

In *Mitchell v. Walters*, 100 P.2d 102, 107 (Wyo. 1940) the Court stated: "[w]illful misconduct is the intentional doing of something . . . under circumstances tending to disclose the [actor]'s knowledge, express or implied, that an injury . . . will be a *probable* result of such conduct. It differs from negligence, even gross negligence, although it may include gross negligence, and involves a *distinct positive element* as distinguished from the merely negative element of negligence or carelessness. *It is willfully designed to accomplish a specific result, and is not aimless of purpose or regardless of results.*" (Emphases added). *See also Danculovich v. Brown*, 593 P.2d 187, 191, 193 (Wyo. 1979) ("willful" misconduct is "an extreme departure from ordinary care, in a situation where a high degree of danger is apparent").

The term "malicious" is similar, if not interchangeable, with the phrase "willful and wanton" in Wyoming tort law. *See Cramer v. Powder River Coal, LLC*, 204 P.3d 974, 979 (Wyo. 2009) (describing the level of conduct required to justify punitive damages as "only for conduct involving some element of outrage, similar to that usually found in crime . . . . We have approved punitive damages in circumstances involving outrageous conduct, such as intentional torts, *torts involving **malice** and torts involving **willful and wanton** misconduct*") (citation omitted) (emphases added); *see also Mayflower Restaurant Co. v. Griego*, 741 P.2d 1106, 1115 (Wyo. 1987) (same).

Secondary sources further support the requirement that a plaintiff demonstrate extreme misconduct.[1] In *Klepper v. City of Milford, Kansas*, 825 F.2d 1440, 1446 (10th Cir. 1987), the Tenth Circuit interpreted "willful" under the Kansas Recreational Use statute to mean "intentionally causing an injury or doing wrong rather than intentionally acting or failing to act in a way that merely allows a wrong to occur." New Mexico has construed the meaning of "willful or malicious" in its Recreational Use Statute as "a purposeful act or conscious omission to do an act with the intent to do wrong or cause injury," and as including "acts or omissions of a landowner which show an actual or deliberate intention to injure or harm another." *Matthews v. State*, 825 P.2d 224, 230 (N.M. Ct. App. 1991). New Jersey turned to its Tort Claims Act for help in defining the phrase "willful or malicious" as found in its Recreational Use Act. *See Monk v. State of New Jersey*, 2011 WL 2349856 *3 (N.J. Super. Ct. App. Div. 2011). In so doing, it recognized "'[c]arelessness, unreasonable conduct or even noncompliance with substantive law does not result in a loss of immunity." *Id.* at *3, quoting *Van Engelen v. O'Leary*, 732 A.2d 540, 548 (N.J. Super. Ct. App. Div. 1999).

As the authorities above demonstrate, the plaintiff was required to allege facts demonstrating far more than ordinary negligence in order to state a claim upon which relief can be granted.[2] *See* F.R.C.P. 12(b)(6). Plaintiff has failed in this regard.

---

[1] These are persuasive because Wyoming's RUA was patterned after the model Recreational Use Act adopted by several states. *See*, THE COUNCIL OF STATE GOVERNMENTS, *Public Recreation on Private Lands: Limitations on Liability*, XXIV Suggested State Legislation 150, 150 (1965).

[2] Indeed, Plaintiff's tacitly acknowledges this requirement for an extreme showing in the complaint. *Compare* Compl. ¶ 79 ("Defendant's acts and omissions were unreasonable and in

III.  Plaintiff has alleged no facts which could conceivably be construed as a "willful or malicious failure" under Wyoming law.

As an initial matter, it is important to note that the United States disagrees with many of plaintiff's substantive factual allegations. However, as is required when considering a motion to dismiss for "failure to state a claim," the United States will, for purposes of this argument, analyze all of plaintiff's alleged facts as if they were true. *See Mobley,* 40 F.3d at 340 ("Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true").

In the complaint, plaintiff alleges employees of the United States baited, captured, and tranquilized a grizzly bear in the Shoshone National Forest at a site known as site #3 (almost ¾ of a mile from the nearest cabin which is also inside the Forest). Compl. ¶¶ 33, 39, 42-44. Plaintiff alleges that after those same employees performed various physical examinations of the bear, they observed the bear "showing limited signs of recovery by holding up and swaying his head." Compl. ¶ 46. Plaintiff alleges the employees then left the site to check on another site before the bear was "ambulatory," and that as they left, they removed all warning/closure signs from in and around site #3. Compl. ¶ 47-49.

At ¶ 66 of the complaint, plaintiff alleges: "Defendant willfully and negligently failed to provide homeowners or the public in the area including, but not limited to, Erwin Evert, prior

---

disregard of a known risk and/or so obvious that it must have been aware of the risks and so great as to be obvious that harm would follow") *with Bryant,* 728 P.2d at 1136 (requiring plaintiff demonstrate the "actor has intentionally committed an act of unreasonable character in disregard of a known or obvious risk that is so great as to make it highly probable that harm will follow."

notice and warning of grizzly bear trapping efforts." Plaintiff further alleges "Defendant willfully and negligently removed all warning signs at Site #3 to indicate a recently trapped and immobilized bear was in the vicinity." Compl. ¶ 71.[3]

Nothing in those alleged facts demonstrates "a conscious indifference to the consequences *amounting to a willingness that they shall follow.*" *Yalowizer*, 629 P.2d at 470, n. 6 (emphasis added). Plaintiff has not alleged actions or inactions which were "designed to accomplish a specific result[.]" *Mitchell*, 100 P.2d at 107. Moreover, the facts alleged fail to describe circumstances where it was "obvious" or "highly probable" – as opposed to "possible" – that harm would follow. *Yalowizer*, 629 P.2d at 470, n. 6; *Bryant*, 728 P.2d at 1136.

Stripped of labels and conclusory descriptors, plaintiff's factual allegations amount to nothing more than a complaint that federal employees failed to warn the public regarding a recovering bear in a remote area, almost ¾ of a mile from even the nearest cabin. Leaving aside the question of whether these allegations state a cognizable negligence claim, they are clearly insufficient to state a claim of "willful or malicious" misconduct.

### Conclusion

The United States is immune from suit under WYO. STAT. ANN. §§ 34-19-101 through 107. Plaintiff has failed to allege facts which would provide for an exception to immunity, and

---

[3] In this same section, Plaintiff makes several more perfunctory, conclusory, allegations. (Compl. ¶¶ 64-76 (Defendant "willfully and negligently . . .")). These mechanical recitations are an inadequate substitution for facts and insufficient to overcome a motion to dismiss. *See Iqbal*, 129 S.Ct. at 1951 (Court "not bound to accept as true a legal conclusion couched as a factual allegation") (citation and internal quotations omitted). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 545.

has, therefore, failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Accordingly, this case should be dismissed.

Respectfully submitted this 30th day of December, 2011.

CHRISTOPHER A. CROFTS
United States Attorney

By: *[signature]*
NICHOLAS VASSALLO
C. LEVI MARTIN
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing *Memorandum in Support of Defendant's Motion to Dismiss* has been served upon the following by the method(s) indicated below on December 30, 2011.

| | |
|---|---|
| Emily R. Rankin | [ ] By U.S. Mail - postage prepaid |
| The Spence Firm | [ ] By Hand Delivery |
| P.O. Box 548 | [ ] By Overnight Courier |
| Jackson, WY 83001 | [X] By Electronic Filing/Email |
| 307-733-5248 | |
| *Attorney for Plaintiff* | |

*Monica Sandoval*

Office of the United States Attorney

11