CHRISTOPHER A. CROFTS
United States Attorney
NICHOLAS VASSALLO
C. LEVI MARTIN
Assistant United States Attorneys
Post Office Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
Facsimile: 307-772-2123

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| YOLANDA EVERT, individually and as the Qualified Wrongful Death Representative Of Erwin Evert, deceased,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 11-CV-339-F<br>)<br>)<br>)<br>) |

**DEFENDANT'S PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

The United States, by and through the United States Attorney for the District of Wyoming and Assistant United States Attorneys Nicholas Vassallo and C. Levi Martin, hereby submits the following proposed findings of fact, conclusions of law, and order:

### Findings of Fact and Conclusions of Law

1.  Plaintiff Yolanda Evert brings this wrongful death action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq. See generally*, Complaint (Dkt 1).

2. The FTCA provides for a limited waiver of sovereign immunity. One of the limitations requires the claim be for "circumstances where the United States, *if a private person*, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) (emphasis added).

3. When a state law provision is applicable to a private person under some set of circumstances, the provision must always be considered equally applicable to the United States when it is in like circumstances. *See Ewell v. United States*, 776 F.2d 246, 249 (10th Cir. 1985) ("immunities created by state law which are available to private persons will immunize the federal government"); *Flynn v. United States*, 902 F.2d 1524, 1527-30 (10th Cir. 1990) (applying Utah's Good Samaritan Act to immunize United States).

4. Wyoming state law affords immunity to landowners who allow people to recreate on their premises free of charge. *See* WYO. STAT. ANN. § 34-19-102 through 107 (Wyoming Recreational Use Act) (hereinafter "Wyoming's RUA"). Unless the exception "provided in W.S. 34-19-105 [applies], an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on such premises to persons entering for recreational purposes." WYO. STAT. ANN. § 34-19-102.

5. In this case, plaintiff alleges Mr. Evert was walking on a trail in the Shoshone National Forest when the incident occurred. (Compl. ¶¶ 40 & 51). Accordingly, this Court finds he was present on the Forest for a "recreational purpose." *See* WYO. STAT. ANN. § 34-19-101(a)(iii)

(defining "recreational purpose" as including, but not limited to, "hiking," "nature study," and "viewing or enjoying historical, archaeological, scenic or scientific sites").

6. Further, there being no allegation to the contrary, this Court finds Mr. Evert was permitted to use the land where he was hiking without "charge." *See* WYO. STAT. ANN. § 34-19-103(a)(i); *see also* WYO. STAT. ANN. § 34-19-101(a)(iv) ("'Charge' means the admission price or fee asked in return for invitation or permission to enter or go upon the land").

7. Accordingly, the United States enjoys immunity under Wyoming's RUA unless the -105 exception applies, i.e., the United States engaged in a course of conduct which amounts to a "willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity[.]" WYO. STAT. ANN. § 34-19-105(a)(i).

8. Because Wyoming's RUA does not specifically define the terms "willful" or "malicious," this Court constructs their meaning from other relevant contexts under Wyoming law. *See* 28 U.S.C. § 1346(b); *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994) (phrase "law of the place" in 28 U.S.C. § 1346(b) has been interpreted to mean the law of the State).

9. This Court concludes that landowner liability case law is the most appropriate source from which to draw the meaning of these terms, and that under Wyoming law "willful or malicious" is misconduct where:

> the actor has intentionally done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must have been aware of it and so great as to make it obvious that harm would follow. It is usually accompanied by a conscious indifference to the consequences amounting to a willingness that they shall follow. Wilful and wanton conduct is not in the strict sense negligence since it involves intent, not inadvertence.

*Yalowizer*, 629 P.2d at 470, n. 6 (Wyo. 1981) (internal citation omitted).

11.     This Court concludes that construction is further supported by Wyoming case law analyzing those terms in related contexts. *See Bryant v. Hornbuckle*, 728 P.2d 1132, 1136 (Wyo. 1986) ("Willful" is conduct done "purposely, with knowledge—or misconduct of such a character as to evince a reckless disregard of consequences" and a plaintiff must demonstrate the "actor has intentionally committed an act of unreasonable character in disregard of a known or obvious risk that is so great as to make it highly probable that harm will follow"); *Mitchell v. Walters*, 100 P.2d 102, 107 (Wyo. 1940) ("Willful" is conduct "designed to accomplish a specific result"); *Danculovich v. Brown*, 593 P.2d 187, 191, 193 (Wyo. 1979) ("Willful" misconduct is "an extreme departure from ordinary care, in a situation where a high degree of danger is apparent"); *Cramer v. Powder River Coal, LLC*, 204 P.3d 974, 979 (Wyo. 2009) (describing the level of conduct required to justify punitive damages as "only for conduct involving some element of outrage, similar to that usually found in crime . . . . We have approved punitive damages in circumstances involving outrageous conduct, such as intentional torts, *torts involving **malice** and torts involving **willful and wanton** misconduct*") (citation omitted) (emphases added); *see also Mayflower Restaurant Co. v. Griego*, 741 P.2d 1106, 1115 (Wyo. 1987) (same).

10.     In this case, plaintiff's complaint is based on a failure to warn claim. Plaintiff alleges employees of the United States: (1) baited, captured, and tranquilized a grizzly bear at a site on Shoshone National Forest known as site #3 (almost ¾ of a mile from the nearest cabin); (2)

performed various physical examinations of the bear; (3) after completing the examinations, left site #3 before the bear was "ambulatory;" and (3) when leaving, removed all warning/closure signs from in and around site #3. Compl. ¶ 42-49. Plaintiff alleges removal of those warning/closure signs (and the failure to provide any other warnings to the public generally, and Mr. Evert specifically) caused Mr. Evert to unknowingly come into contact with the recovering grizzly bear, resulting in his death. Compl. ¶¶ 78, 81.

11. Nothing in those facts demonstrates employees of the United States engaged in "willful or malicious" conduct under Wyoming law. These allegations simply fail to reflect a state of mind which can be described as "a conscious indifference to the consequences amounting to a willingness that they shall follow,"[1] or conduct "designed to accomplish a specific result."[2] Moreover, the facts alleged, as a matter of law, fail to describe circumstances where it was "obvious" or "highly probable" – as opposed to possible – that harm would follow. *Yalowitzer*, 629 P.2d at 470, n.6; *Bryant*, 728 P.2d at 1136.

12. Plaintiff has failed to state a claim upon which relief can be granted[3] because the alleged conduct does not amount to a "willful or malicious failure to guard or warn against a dangerous condition."[4] Accordingly, the United States is immune under WYO. STAT. ANN. § 34-19-102 through 107.

---

[1] *Yalowitzer*, 629 P.2d at 470, n.6.

[2] *Mitchell*, 100 P.2d at 107.

[3] Fed. R. Civ. P. 12(b)(6).

[4] WYO. STAT. ANN. § 34-19-105(a)(i).


## Order

Based on the foregoing, the United States' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) is hereby Granted.

Dated this _____ day of _____, 2012.

_____
NANCY D. FREUDENTHAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Respectfully submitted this 30th day of December, 2011.

                                 CHRISTOPHER A. CROFTS
                                 United States Attorney

By: _____
      NICHOLAS VASSALLO
      C. LEVI MARTIN
      Assistant United States Attorneys

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing *DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW* has been served upon the following by the method(s) indicated below on December 30, 2011.

| | |
|---|---|
| Emily R. Rankin | [ ] By U.S. Mail - postage prepaid |
| The Spence Firm | [ ] By Hand Delivery |
| P.O. Box 548 | [ ] By Overnight Courier |
| Jackson, WY 83001 | [X] By Electronic Filing/Email |
| 307-733-5248 | |
| *Attorney for Plaintiff* | |

                                                  Monica Sandoval
                                                  Office of the United States Attorney