CHRISTOPHER A. CROFTS
United States Attorney
NICHOLAS VASSALLO
C. LEVI MARTIN
Assistant United States Attorneys
Post Office Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
Facsimile: 307-772-2123

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| YOLANDA EVERT, individually and as the Qualified Wrongful Death Representative Of Erwin Evert, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11-CV-339-F |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

## REPLY IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS

The United States, by and through the United States Attorney for the District of Wyoming and Assistant United States Attorneys Nicholas Vassallo and C. Levi Martin, hereby submits this reply brief in support of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

### Introduction

Plaintiff's opposition mischaracterizes the Wyoming Recreational Use Act's ("RUA") function and scope. Further, plaintiff's scattered approach reveals an intent to steer this Court

away from consideration of the only real issue to be decided—whether or not Plaintiff has pled

facts amounting to "willful or malicious" misconduct in accordance with that term's meaning

under Wyoming law.   Nothing alleged in plaintiff's complaint demonstrates the type of

outrageous conduct necessary to be shown in order to prevent the United States from being

immune from suit under Wyoming's RUA.   Plaintiff's mechanical recitation of the term

"willful" throughout the complaint is an inadequate substitution for facts and insufficient to

overcome a motion to dismiss. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007) (mere

"labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do"); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951 (2009) (Court "not bound to accept

as true a legal conclusion couched as a factual allegation") (citation and internal quotations

omitted).   Because plaintiff has failed to plead facts amounting to "willful or malicious"

misconduct under Wyoming law, the United States is immune from suit. *See* WYO. STAT. ANN.

§§ 34-19-101 through 107.

## Argument

Plaintiff does not dispute the fact that Wyoming's RUA can provide immunity to the

United States.  Plaintiff simply disputes its applicability to this case.  (Pl's Br. 5-14).  Plaintiff

also does not dispute the fact that the term "willful or malicious" as used in Wyoming's RUA

requires "more than mere negligence[.]" (Pl's Br. at 14).  Indeed, plaintiff apparently considers

"willful or malicious" as analogous to "willful and wanton" under Wyoming law.  (Pl's Br. at

11).  Yet, plaintiff implores the Court to view the complaint as at least sufficient to survive a

motion to dismiss. (Pl's Br. 14-15).  As discussed below, Plaintiff's arguments of Wyoming's

RUA inapplicability are without merit. Further, plaintiff's complaint is devoid of facts alleging the type of extreme conduct which would amount to "willful or malicious" under Wyoming law.

## I.    Wyoming's RUA applies in this case.

Plaintiff's initial arguments are that Wyoming's RUA does not apply because: (A) the area was allegedly not a recreation area by virtue of the closure order (Pl's Br. 5-6); (B) the Interagency Grizzly Bear Study Team (IGBST) is not the owner of the land (Pl's Br. 6-7); (C) the United States had a common law duty to not create the danger; and (D) the United States had an alleged contractual obligation to warn Mr. Evert (Pl's Br. 11-14). Plaintiff's threshold arguments are unavailing.

A.    Mr. Evert was "directly or indirectly invited" to be on the land, and therefore Wyoming's RUA applies.

Plaintiff argues that because the incident "occurred at a closed scientific research area" it cannot be considered a recreation area. (Pl's Br. 5).[1] However, plaintiff's premise is incorrect. As plaintiff has repeatedly complained of, the closure signs were taken down, so the recreation area was no longer even closed.

Further, plaintiff's reliance upon *Holland v. Weyher/Livsey Constructors, Inc.*, 651 F. Supp. 409 (D. Wyo. 1987) is misplaced. (Pl's Br. at 5-6). In *Holland*, the defendants claimed

---

[1] This assertion amounts to a declaration that Mr. Evert had no right to be in that area of the Forest. In that case, Mr. Evert was, according to plaintiff, a trespasser. In Wyoming, there are only two classifications for persons on the land of another—trespassers and all others. *Clarke* v. *Beckwith,* 858 P.2d 293, 296 (Wyo. 1993). Accordingly, the United States' duty to Mr. Evert would be the same under Wyoming law. A landowner "is not liable for injury to trespassers caused by his failure to exercise reasonable care to put his land in a safe condition for them nor to guard against concealed pitfalls[.]" *Yalowizer v. Husky Oil Co.,* 629 P.2d 465, 469 (Wyo. 1981). Indeed, a landowner may only be liable for "wilful or wanton" injury to a trespasser. *Id.*

3

Wyoming's RUA applied merely because the injured party was recreating at the time of injury, regardless of the fact that the land was not a recreation area. *Holland*, 651 F Supp. at 412 (injury occurred at an "industrial subdivision, not on recreational land"). The Court stated "defendants' analysis of the statute would convert any area into 'recreational land' whenever a child wanders onto a dangerous site to play." *Id.* Those facts are not present here. Even assuming, as the plaintiff asserts, that the area where site #3 was located was still temporarily closed, plaintiff has not provided any authority for the proposition that a temporary closure of a small portion of a National Forest somehow changes its fundamental characterization as recreational land.[2] Mr. Evert was "directly or indirectly an invite[d]"[3] onto the National Forest, in which case the plaintiff was required to plead facts amounting to a "willful or malicious failure to guard or warn against a dangerous condition[.]" WYO. STAT. ANN. § 34-19-105(a)(i).

B.    The United States is the defendant and the landowner of the property where the injury allegedly occurred.

Plaintiff argues that because the IGBST does not own the Shoshone National Forest, it is not a landowner and thus cannot avail itself of the protections afforded by Wyoming's RUA. (Pl's Br. at 6-7). Plaintiff's argument in this regard is meritless. The plaintiff has, as is required, named the United States as the defendant in this matter. *See* 28 U.S.C. § 2679 (United States is the only proper party for claims of "personal injury or death arising or resulting from the

---

[2]   *See also* Pl's Br. at 17 (plaintiff describing the area as "recreation area with extensive trails and decommissioned roads knowingly used by the public" and citing 16 U.S.C. § 528 (national forests established for outdoor recreation).

[3]   WYO. STAT. ANN. § 34-19-103(a).

negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment"). Further, plaintiff has alleged the injury occurred on land owned by the United States. (Compl. ¶ 21). The landowner and the defendant are one in the same. Nothing more is required in order for the United States to avail itself of Wyoming's RUA immunity provisions.

C.    Ordinary negligence principles do not apply when considering "willful or malicious" misconduct.

Plaintiff suggests that the United States had a "common law duty to refrain from creating a danger or aggravating a naturally existing condition." (Pl's Br. at 7). In support of this theory, plaintiff cites *Selby v. Conquistador Apts. Ltd.*, 990 P.2d 491, 494 (Wyo. 1999) & *Berry v. Tessman*, 170 P.3d 1243, 1246 (Wyo. 2007). (Pl's Br. at 7). However, those cases are not recreational use act cases. Accordingly, ordinary principles of negligence and the common law duty of reasonableness applied. The very purpose of Wyoming's RUA was to modify that common law duty for landowners who allow people to recreate free of charge on their property.

Plaintiff also cites *Holland*, 651 F Supp. at 411 as support. However, even a cursory review of *Holland* refutes the proposition suggested by plaintiff that common law duties are somehow unaffected by Wyoming's RUA. Further, for the reasons discussed *supra*, it is quite distinguishable from this matter.

The other case cited to by plaintiff actually supports the United States' position that Wyoming's RUA should apply in this case. (Pl's Br. at 8-10 (*Vandervelde v. United States*, 1999 WL 33593713 (D. Wyo. 1999)). In *Vandervelde,* the Court stated that had the plaintiff's

claim been one of "fail[ure] to warn . . . , the Court would likely apply § 34–19–102 of the Wyoming RUS." *Id.* at *3. Plaintiff has made it abundantly clear that its claim is for failure to warn. *See* COMPL. ¶¶ 59-82. Accordingly, Wyoming's RUA applies to this case.

D.     The United States had no contractual obligation to Mr. Evert.

Plaintiff alleges that the research permits given to the IGBST from a sister agency and a state agency somehow created a contractual obligation on behalf of the United States to warn Mr. Evert.[4] (Pl's Br. at 11-14). In support of this novel theory, plaintiff relies upon *dicta* from a 1974 landlord-tenant case wherein a tenant injured herself on negligently constructed stairs. (Pl's Br. at 11, citing *Brubaker v. Glenrock Lodge Int'l Order of Odd Fellows,* 526 P.2d 52, 58-59 (Wyo. 1974)). *Brubaker* is entirely distinguishable factually from this case, and legally, it merely modified the common-law rule of landlord immunity by making that immunity inapplicable when the landlord promises the tenant to make repairs to the premises. *Brubaker,* 526 P.2d 52. The United States did not promise, contract, or otherwise agree with Mr. Evert for anything bearing on the research activities in question. Plaintiff's strained contract theory cannot defeat the applicability of Wyoming's RUA.

**II.     Plaintiff has alleged no facts which could conceivably be construed as a "willful or malicious failure" under Wyoming law.**

As an initial matter, the United States is entirely in agreement with plaintiff that the definition of "willful or malicious" must be drawn from Wyoming law. (Pl's Br. 15). Despite

---

[4]   As an initial matter, plaintiff is incorrect in asserting that a research permit is equivalent to a special use permit (for which both parties receive consideration). (Pl's Br. at 11, citing *King v. United States,* 301 F.3d 1270, 1276 (10th Cir. 2002). There is no legal basis to conclude that these scientific research permits constitute contracts.

plaintiff's consternation,[5] the United States' purpose for citing to cases from other jurisdictions was to demonstrate that Wyoming's definition of the term "willful" as an extreme departure from ordinary conduct was consistent with the way other states have chosen to  define "willful or malicious" in their respective recreational use acts.  The United States' purpose was not to, as plaintiff seeks to do, rely upon them for their analysis of factual issues in context with their unique definitions of "willful or malicious."  (Pl.'s Br. 18-21).  Accordingly, the last four pages of plaintiff's argument should be disregarded.

Instead, as the plaintiff has stated,[6] this Court should refer to Wyoming law for the meaning of "willful or malicious," and in Wyoming those terms mean extreme and outrageous conduct, akin to what must be proven for punitive damages. *See Danculovich v. Brown*, 593 P.2d 187, 191, 193 (Wyo. 1979) ("willful" misconduct is "an extreme departure from ordinary care, in a situation where a high degree of danger is apparent"); *Cramer v. Powder River Coal, LLC*, 204 P.3d 974, 979 (Wyo. 2009) (punitive damages proper "in circumstances involving outrageous conduct, such as intentional torts, *torts involving **malice** and torts involving **willful and wanton** misconduct*") (citation omitted) (emphases added); *Yalowizer*, 629 P.2d at 470, n. 6 (Wyo. 1981) ("willful" misconduct defined as "disregard of a risk . . . so great as to make it obvious that harm would follow [and] usually accompanied by a conscious indifference to the consequences amounting to a willingness that they shall follow"); *Bryant v. Hornbuckle*, 728 P.2d 1132, 1136 (Wyo. 1986) (in order to prove "willful misconduct, one must demonstrate that

---

[5] (Pl's Br. 16, n.3).

[6] (Pl.'s Br. 15).

7

he acted with a state of mind that approaches intent to do harm . . . intentionally committed an act of unreasonable character in disregard of a known or obvious risk that is so great as to make it highly probable that harm will follow"); *Mitchell v. Walters*, 100 P.2d 102, 107 (Wyo. 1940) ("[w]illful misconduct is the intentional doing of something . . . under circumstances tending to disclose the [actor]'s knowledge, express or implied, that an injury . . . will be a *probable* result of such conduct. It differs from negligence, even gross negligence, although it may include gross negligence, and involves a *distinct positive element* as distinguished from the merely negative element of negligence or carelessness. *It is willfully designed to accomplish a specific result, and is not aimless of purpose or regardless of results*") (emphases added).

With those authorities as a backdrop, it is clear that the plaintiff was required to allege facts demonstrating far more than ordinary negligence in order to state a claim upon which relief can be granted. "[A] plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007), quoting *Twombly,* 550 U.S. at 547. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951 (2009). A complaint "require[s] more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly,* 550 U.S. at 545.

The factual allegations contained in plaintiff's complaint (discussed more fully in United States' opening brief at 9-10) amount to nothing more than a complaint that federal employees failed to warn the public regarding a recovering bear in a remote area of a National Forest,

8

almost ¾ of a mile from even the nearest cabin.  No further development of those alleged facts could "plausibly"[7] demonstrate "a conscious indifference to the consequences *amounting to a willingness that they shall follow.*"  *Yalowizer*, 629 P.2d at 470, n. 6 (emphasis added).  Plaintiff did not allege actions or inactions which were "designed to accomplish a specific result[.]" *Mitchell,* 100 P.2d at 107.  Moreover, the facts alleged fail to describe circumstances where it was "obvious" or "highly probable" – as opposed to "possible" – that harm would follow. *Yalowizer*, 629 P.2d at 470, n. 6; *Bryant*, 728 P.2d at 1136.  Even assuming all facts pled by plaintiff are true, they are woefully insufficient to state a claim of "willful or malicious" misconduct under Wyoming law.  Accordingly, the complaint should be dismissed.

## Conclusion

The United States is immune from suit under WYO. STAT. ANN. §§ 34-19-101 through 107.  Plaintiff has failed to allege facts which would provide for an exception to immunity, and has, therefore, failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Accordingly, this case should be dismissed.

Respectfully submitted this 23rd day of January, 2012.

CHRISTOPHER A. CROFTS
United States Attorney

By:  _C. K. M_____

NICHOLAS VASSALLO
C. LEVI MARTIN
Assistant United States Attorneys

---

[7]  *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007), quoting *Bell Atl. Corp.,* 550 U.S. at 547 ("plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss").

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing *Reply in Support of Defendant's Motion to Dismiss* has been served upon the following by the method(s) indicated below on January 23, 2012.

Emily R. Rankin
The Spence Firm
P.O. Box 548
Jackson, WY 83001
307-733-5248
*Attorney for Plaintiff*

[  ] By U.S. Mail - postage prepaid
[  ] By Hand Delivery
[  ] By Overnight Courier
[X] By Electronic Filing/Email


Monica Sandoval
Office of the United States Attorney