CHRISTOPHER A. CROFTS
United States Attorney
C. LEVI MARTIN
Assistant United States Attorney
Post Office Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
Facsimile: 307-772-2123

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| YOLANDA EVERT, individually and as the Qualified Wrongful Death Representative of Erwin Evert, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11CV00339-F |
| THE UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

## ANSWER OF THE UNITED STATES OF AMERICA

Defendant, United States of America, by and through the United States Attorney for the

District of Wyoming and Assistant United States Attorney, C. Levi Martin, answers the Complaint

as follows:

1.      The United States denies the allegations in ¶ 1 for insufficient knowledge.

2.      The United States denies the allegations in ¶ 2 for insufficient knowledge.

3.      The United States admits that Yolanda Evert has been appointed by this Court as

the Wrongful Death Representative of Erwin Evert, deceased, for the purpose of pursuing a

wrongful death claim on behalf of all beneficiaries and claimants.   The United States denies the remaining allegations in ¶ 3 for insufficient knowledge.

4.      The United States admits that Yolanda Evert has been appointed by this Court as the Wrongful Death Representative of Erwin Evert, deceased, for the purpose of pursuing a wrongful death claim on behalf of all beneficiaries and claimants.   The United States denies the remaining allegations in ¶ 4 for insufficient knowledge.

5.      Paragraph 5 states legal conclusions to which no response is required. To the extent a response is required, the United States admits it is a sovereign government and that 28 U.S.C. § 2671 *et seq.* provides the federal tort claims procedure.   The United States denies the remaining allegations in ¶ 5.

6.      Denied.

7.      Admit.

8.      The allegations in ¶ 8 constitute plaintiff's characterization of this action to which no response is required. To the extent a response is required, the United States denies the allegations in ¶ 8.

9.      The United States admits that Mr. Dickinson was acting in the scope of his employment as an employee of the United States at all times relevant to this lawsuit.   The United States denies the remaining allegations contained in ¶ 9.

10.     The United States admits that Mr. Thompson was acting in the scope of his employment as an employee of the United States at all times relevant to this lawsuit.   The United States denies the remaining allegations contained in ¶ 10.

11.     The United States admits that Mr. Schwartz was the Team Leader of the IGBST. The United States also admits Mr. Schwartz was acting in the scope of his employment as an employee of the United States at all times relevant to this lawsuit.   The United States denies the remaining allegations contained in ¶ 11.

12.     Paragraph 12 states conclusions of law to which no response is required.  To the extent this paragraph contains allegations of fact requiring a response, the United States admits that plaintiff filed an administrative tort claim.   The United States denies the remaining allegations contained in ¶ 12.

13.     Paragraph 13 states conclusions of law to which no response is required.  To the extent this paragraph contains allegations of fact requiring a response, Defendant admits that plaintiff filed an administrative tort claim with the U.S. Geological Survey.  The United States denies the remaining allegations in ¶ 13.

14.     Admit.

15.     Paragraph 15 states conclusions of law to which no response is required.  To the extent this paragraph contains allegations of fact requiring a response, Defendant admits that less than six months had elapsed between the mailing date of the denial letter and the filing of this lawsuit.  The United States denies the remaining allegations in ¶ 15.

16. The allegations in ¶ 16 constitute legal conclusions and require no response. To the extent a response is required, the United States denies the allegations in ¶ 16 for insufficient knowledge.

17. The allegations in ¶ 17 state legal conclusions, and plaintiff's characterization of this action, to which no response is required. To the extent a response is required, the United States denies the allegations in ¶ 17.

18. Denied.

19. Paragraph 19 states conclusions of law to which no response is required. To the extent this paragraph contains allegations of fact requiring a response, the United States admits that plaintiff filed an administrative tort claim for $5,000,000.00 (five million dollars). The United States denies the remaining allegations contained in ¶ 19.

20. Paragraph 20 states a legal conclusion to which no response is required. To the extent a response is required, the United States does not contest venue and denies all other allegations contained in ¶ 20.

21. The United States admits that the Shoshone National Forest is owned by the United States, managed by the United States Forest Service, and that Mr. Evert incurred a fatal injury on it. The United States denies the remaining allegations contained in ¶ 21.

22. The United States admits that on July 21, 1997, the Forest Supervisor for Shoshone National Forest signed an order prohibiting any person from going into or being upon any of the

grizzly bear trapping and collaring areas. The United States denies the remaining allegations contained in ¶ 22.

23. The United States admits the allegations contained in the first sentence. The remaining allegations contained in ¶ 23 state conclusions of law to which no response is required. To the extent a response is required, the United States denies the remaining allegations in ¶ 23.

24. Paragraph 24 states conclusions of law to which no response is required. To the extent a response is required, the United States denies the allegations in ¶ 24.

25. Admit.

26. Paragraph 26 states conclusions of law to which no response is required. To the extent a response is required, the United States denies the allegations in ¶ 26.

27. Paragraph 27 states conclusions of law to which no response is required. To the extent a response is required, the United States denies the allegations in ¶ 27.

28. Denied.

29. Admit.

30. Denied.

31. The United States admits Mr. Dickinson and Mr. Thompson were on a field crew directed by the USGS. The United States denies the remaining allegations contained in ¶ 31.

32. The United States admits Mr. Dickinson and Mr. Thompson created Site #1 and Site #2. The United States further admits that Mr. Dickinson and Mr. Thompson created Site #3, with the help of others. The United States further admits that at these sites they placed game meat

and rumen in the vicinity of the traps. The United States denies the remaining allegations contained in ¶ 32.

33.     The United States admits the Everts held a special use permit for one of the private cabins. The United States denies the remaining allegations in ¶ 33 for insufficient knowledge.

34.     Denied.

35.     The United States admits Mr. Dickinson and Mr. Thompson regularly spoke with the residents of one of the fourteen cabins who often stopped Mr. Dickinson and Mr. Thompson. The United States further admits Mr. Dickinson and Mr. Thompson waved at numerous other cabin owners but none others stopped them. The United States further admits that those in the area, including a guide, knew the trapping efforts were being conducted. The United States denies the remaining allegations in ¶ 35 for insufficient knowledge.

36.     The United States admits Mr. Dickinson and Mr. Thompson saw Mr. Evert on at least two occasions at which time Mr. Evert waved, but did not attempt to stop them. The United States further admits that Mr. Evert had knowledge of their trapping activities. The United States denies the remaining allegations contained in ¶ 36.

37.     Admit.

38.     Admit.

39.     The United States admits Site #3 was, at a straight line distance, 3700 feet from the uppermost cabin in the Kitty Creek drainage and further clarifies that there was no maintained trail to that site. The United States denies the remaining allegations contained in ¶ 39.

40.     Denied.

41.     Denied.

42.     The United States admits Bear 646 was trapped, for the first time, at Site #3 using a pail set and deer lung.  The United States further admits that bear 646 was discovered by Mr. Dickinson and Mr. Thompson on June 17, 2010.  The United States denies the remaining allegations in ¶ 42.

43.     The United States admits that Bear 628, an adult female grizzly, was found captured at Site #2 the same day.  The United States denies the remaining allegations in ¶ 43 for insufficient knowledge.

44.     Denied.

45.     Admit.

46.     The United States admits that Bear 646 started recovering at 1048 hours, not at 1230 hours as alleged by plaintiff.   The United States further admits that at 1230 hours, Bear 646 was holding his head up and swaying.   The United States denies the remaining allegations in ¶ 46.

47.     The United States admits that the crew left Bear 646 to check Site #2.   The United States denies the remaining allegations in ¶ 47.

48.     The United States admits that the hand-written version of the IGBST Bear Tagging Form contained a question mark in the box for "Time recovery complete."  The United States denies the remaining allegations in ¶ 48.

49.     The United States admits that, on June 17, 2010, as Mr. Dickinson and Mr. Thompson left Site #3, they removed all closure signs.   The United States denies the remaining allegations in ¶ 49.

50.     Denied.

51.     Denied.

52.     The United States admits that on June 17, 2010, when Mr. Evert was in pursuit of Mr. Dickinson and Mr. Thompson, who Mr. Evert knew were in the area trapping grizzly bears, the closure signs had been removed.   United States denies the remaining allegations in ¶ 52.

53.     The United States denies the allegations in ¶ 53 for insufficient knowledge.

54.     The United States admits the allegations in the first sentence of ¶ 54.   The United States further admits Mr. Evert's body was found approximately twenty-one yards from where Bear 646 was last seen by Mr. Dickinson and Mr. Thompson.   The United States denies the remaining allegations in ¶ 54.

55.     Admit.

56.     Admit.

57.     Admit.

58.     The United States admits that on June 19, 2010, an email was sent advising capture crews to follow protocols for warning signs, but denies that on the day of the incident, June 17, 2010, there were any written protocols on how long warning signs should remain up after capture operations had concluded.

59.     The United States hereby incorporates by reference all responses contained in paragraphs 1 through 58 above as if fully set forth herein.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Defendant hereby incorporates by reference all responses contained in paragraphs 1 through 82 above as if fully set forth herein.

84.     Denied.

85.     The last paragraph of the complaint constitutes Plaintiff's prayer for relief, to which no response is required. To the extent that a response is required, the United States denies the allegations contained in last paragraph of the complaint.

86.     The United States denies any and all other allegations not specifically admitted in this answer.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The United States is immune from suit under 28 U.S.C. § 2680.

2.     The United States is immune from suit pursuant to Wyo. Stat. Ann. §§ 34-19-101 through 107.

3.     This Court lacks subject matter jurisdiction.

4.     Plaintiff has failed to state a claim upon which relief can be granted.

5.     Plaintiff's recovery is barred or reduced because of Mr. Evert's comparative fault.

6.  Any damages are the result of independent causes for which the United States is not responsible.

7.  Mr. Evert assumed the risk for the damages allegedly incurred.

8.  The United States reserves the right to assert any other defenses that become known through further investigation and discovery.

Having answered the complaint, the United States requests that Plaintiff take nothing by virtue of the complaint, that the complaint be dismissed, and that the United States receive judgment in its favor on all issues raised in the complaint, together with costs and such other relief as deemed appropriate by the Court.

**DATED** this 29th day of February, 2012.

CHRISTOPHER A. CROFTS
United States Attorney

By:  C. LEVI MARTIN
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the $\underline{29^{th}}$ day of February 2012, I served a copy of the foregoing

**ANSWER OF THE UNITED STATES** upon the following by the methods indicated below:

Emily Roberts Rankin                          [     ] By Facsimile
Mark L. Aronowitz                             [     ] By U.S. Mail - postage prepaid
The Spence Law Firm                           [     ] By Electronic Mail
P O Box 548                                   [     ] By Overnight Courier
Jackson, WY 83001                             [ X ] By Electronic Filing
rankin@spencelawyers.com


*Monica Sandoval*
Monica Sandoval
United States Attorney's Office