EMILY R. RANKIN
MARK L. ARONOWITZ
The Spence Law Firm, LLC
15 South Jackson Street
Post Office Box 547
Jackson, WY 83001
Telephone: 307-733-7290
Fax: 307-733-5248
Attorneys for Plaintiff

CHRISTOPHER A. CROFTS
United States Attorney
NICHOLAS VASSALLO
C. LEVI MARTIN
Assistant United States Attorneys
Post Office Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
Facsimile: 307-772-2123
Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| YOLANDA EVERT, individually and as the Qualified Wrongful Death Representative of Erwin Evert, deceased, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) No. 11CV00339-F |
| THE UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## JOINT MOTION FOR COURT TO VIEW SITE

The Plaintiff, by and through her attorneys, Emily R. Rankin and Mark L. Aronowitz, and the United States, by and through the United States Attorney for the District of Wyoming and

Assistant United States Attorneys, C. Levi Martin and Nicholas Vassallo, jointly move the Court to view the site of the incident which is the subject of this litigation. In support of this joint motion, counsel state as follows:

1. The parties' claims and defenses in this matter arise from the incident occurring in the Kitty Creek drainage, approximately seven miles from the East entrance to Yellowstone National Park.

2. The Court is the trier of fact in this case because it is brought under the Federal Tort Claims Act. *See* 28 U.S.C. § 2402.

3. In order to fairly evaluate the parties' contentions, it is important that the Court fully and accurately understand the nature and character of the area where the incident occurred. The most effective means for the Court to gain this understanding is to see and experience the area firsthand.

4. Although the parties may present photographic and other visual evidence to the Court, such evidence is no substitute for a site view. As one court has observed, in discussing a trial judge visiting and viewing a site, "if a picture is worth a thousand words, then the real thing is worth a thousand pictures." *Clicks Billiards, Inc. v. Sixshooters, Inc.* 251 F.3d 1252, 1266 (9th Cir. 2001).

5. Courts have discretion to view premises involved in litigation where there is consent of the parties, or notice to the parties, an opportunity to attend, and a record made. *See Lillie v. United States*, 953 F.2d 1188 (10th Cir. 1992) (holding view improper where there was no

notice to the parties or opportunity to attend); *Clicks Billiards, Inc., supra* (observing that there is nothing wrong with official excursions by a judge or jury to view evidence that simply cannot, because of physical limitations, be brought into a courtroom); 75B Am. Jur.2d Trial § 1963, at 671-72 (1992) (generally discussing a view by the court).

6. Defendant is aware of this Court having previously availed itself of at least one site viewing. *See Buchi v. United States*, 01-CV-098-D (D. Wyo. 2004).

7. Counsel propose showing this Court the locations of the following:

a. The cabin formerly owned by Mr. & Mrs. Evert;
b. The cabin owned by Dennis and Mary Ann Alquist;
c. The Kitty Creek trailhead;
d. The point where Kitty Creek Trail diverges from the decommissioned road;
e. The first spur off of the decommissioned road to site #3;
f. The intersection of Kitty Creek trail with the first spur;
g. The location of the snare tree and pail set at site #3 which captured the subject bear;
h. The location where Mr. Evert's body was discovered; and
i. The location of site #2.

8. The site view should occur at the Court's earliest convenience. Counsel respectfully suggests that the date and time of the site view, and the specific conditions under which it would occur, be determined by the Court following a conference with counsel.

9. For the foregoing reasons, the parties jointly request that this motion be granted, that the Court enter an order providing that it will view the above named locations, and that following a conference with counsel, the Court determine the date and time of the site view and the conditions under which it will occur.

DATED this 25th day of June, 2012.

| | |
|---|---|
| /s/ Emily R. Rankin | /s/ C. Levi Martin |
| Emily R. Rankin | C. Levi Martin |
| Mark L. Aronowitz | Nicholas Vassallo |
| Attorneys for Plaintiff | Assistant United States Attorneys |

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June 2012, I served a copy of the foregoing **JOINT MOTION FOR COURT TO VIEW SITE** upon the following by the methods indicated below:

| | |
|---|---|
| Emily Roberts Rankin | [ ] By Facsimile |
| Mark L. Aronowitz | [ ] By U.S. Mail - postage prepaid |
| The Spence Law Firm | [ ] By Electronic Mail |
| P O Box 548 | [ ] By Overnight Courier |
| Jackson, WY 83001 | [ X ] By Electronic Filing |
| rankin@spencelawyers.com | |

/s/ Monica Sandoval
Monica Sandoval
United States Attorney's Office